IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KATHLEEN K. DOERR and ROBERT DOERR, Wife and Husband,<br><br>Plaintiffs,<br><br>vs.<br><br>HARMS FARMS TRUCKING, INC., a Nebraska Corporation, and BRETT W. GOLBEK,<br><br>Defendants. | 7:13-CV-5008<br><br>MEMORANDUM AND ORDER |

    This matter is before the Court on the plaintiffs' motion for default judgment (filing 6). The plaintiffs ask the Court to enter judgment against defendant Harms Farms Trucking, Inc. ("Harms"), as to liability only, with damages to be established by trial or hearing at a later time. The Court, having reviewed the pleadings, finds that the plaintiffs' motion should be granted. However, there are a few additional procedural matters that must also be addressed.

    Federal Rule of Civil Procedure 55 sets forth a two-step process for obtaining a default judgment. First, the movant must obtain an entry of default under Rule 55(a). *See Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998). Only then may the party seek entry of judgment on the default under Rule 55(b). *Johnson*, 140 F.3d at 783. This two-step process reflects a judicial preference for adjudication on the merits, and allows the defendant one last chance to avoid default judgment—it is easier to obtain relief from a default order than a default judgment. *Id.* at 783–84; *see also* Fed. R. Civ. P. 55(c).

    The plaintiffs have skipped straight to the second step. But the Court will construe the plaintiff's motion as requesting both entry of default and entry of default judgment. So construed, the motion will be granted in both respects. First, the Court finds that plaintiffs are entitled to entry of default under Rule 55(a). The record shows that Harms was served in December 2013, and that the time for Harms to plead or otherwise defend under Fed. R.

Civ. P. 12 has long since passed with no response. Therefore, the plaintiffs are entitled to entry of default against Harms.

The plaintiffs are also entitled to entry of default judgment against Harms. However, the Court will postpone the actual granting of the plaintiffs' motion for 7 additional days, in order to provide Harms with one last opportunity to respond in some fashion.

On a motion for default judgment, the Court assumes the truth of the well-pleaded factual allegations in the complaint, other than those relating to the amount of damages. *See* Fed. R. Civ. P. 8(b)(6); *see also, Stephenson v. El-Batrawi,* 524 F.3d 907, 915–16 (8th Cir. 2008); *Angelo Iafrate Constr., LLC v. Potashnick Constr., Inc.,* 370 F.3d 715, 722 (8th Cir. 2004). However, "it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Marshall v. Baggett,* 616 F.3d 849, 852 (8th Cir. 2010).

The allegations in the plaintiffs' complaint suffice to establish a claim for negligence against Harms, based upon the acts of its employee, defendant Brett W. Golbek. Plaintiff Kathleen Doerr was stopped in her vehicle in the northbound lane of an intersection when she was struck by Golbek, who was turning south. Filing 1 at ¶ 6. The plaintiffs allege that Golbek was driving a tractor-trailer at the time, within the course and scope of his employment with Harms. Filing 1 at ¶¶ 3–7. And they allege that the accident occurred due to, among other things, Golbek's failure to exercise due care and to keep a proper lookout. Filing 1 at ¶ 9. As a result of the collision, Kathleen Doerr suffered various physical injuries, resulting in medical expenses, pain and suffering, and a loss of earnings, and causing Robert Doerr to suffer a loss of consortium. Filing 1 at ¶¶ 10, 11, 13. The Court finds that the plaintiffs have stated a claim for negligence based upon a theory of *respondeat superior*, and are entitled to judgment against Harms. *See, e.g.*, *Kocsis v. Harrison,* 543 N.W.2d 164, 168–69 (Neb. 1996). The Court further finds that entry of judgment against Harms alone is appropriate, under Fed. R. Civ. P. 54(b), as there is no just reason for delay.

Finally, the Court notes that the plaintiffs have not yet served process on Golbek. Where, as here, service has not been completed within 120 days after the filing of the complaint, the Court may, on its own motion, dismiss the action without prejudice or order that service be made within a specified time, provided that the plaintiff is first notified. Fed. R. Civ. P. 4(m). Additionally, if a plaintiff shows there was good cause for the failure to complete service in a timely fashion, the Court must extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m); *Adams v. AlliedSignal Gen. Aviation Avionics,* 74 F.3d 882, 887 (8th Cir. 1996). Accordingly,

IT IS ORDERED:

1. The plaintiffs' motion for default judgment (filing 6), construed as a motion for entry of default, is granted.

2. Default in this action is entered in accordance with Fed. R. Civ. P. 55(a).

3. If, on or before March 12, 2014, defendant Harms has not responded, the Court will also grant the plaintiffs' motion for default judgment, without further notice.

4. The appropriate amount of damages will be established at trial or at a hearing before the Court, the date and time to be set by further order. Judgment will be entered thereafter.

5. The Clerk's Office is directed to mail a copy of this order to defendant Harms at its address of record.

6. The plaintiffs shall have until April 7, 2014, to complete service of process on defendant Golbek or to show cause why this case should not be dismissed, as against Golbek. If the plaintiffs do not respond, or if good cause is not shown, this action will be dismissed, as against Golbek, without prejudice and without further notice.

7. The Clerk's Office is directed to set a case management deadline with the following text: April 7, 2014: deadline for plaintiffs to show cause why service of process was not completed.

Dated this 5th day of March, 2014.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge